UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

JENNIFER PELLOW as PERSONAL REPRESENTATIVE
OF THE ESTATE OF NATHAN WESLEY PELLOW,

        Case No:

   Plaintiff,

v.

        Hon.

KEVIN BARNHILL,
SHANE MCKIBBEN,
ARTHUR L. GILL,
ROBERT ROY,
JOHN ADAMS,
DALE VAN HORN,
Jointly and Severally,

   Defendants.

---

BEN M. GONEK (P43716)
Law Offices of Ben Gonek, PLLC
Attorneys for Plaintiff
500 Griswold Street, Suite 3500
Detroit, MI 48226
(313) 962-5210

---

## **COMPLAINT and JURY DEMAND**

NOW COMES, the Plaintiff, JENNIFER PELLOW as Personal Representative of the Estate of NATHAN WESLEY PELLOW by and through her attorney, BEN M. GONEK, and for her complaint states as follows:

1

## Nature of Case

1. Plaintiff JENNIFER PELLOW a Personal Representative of the estate of NATHAN WESLEY PELLOW, asserts a 42 U.S.C. §1983 claim for arrest made with the use of excessive force in violation of the Fourth Amendment to the United States Constitution for damages sustained from the incident that occurred August 30, 2012, and resulted in the death of Plaintiff.

2. Plaintiff JENNIFER PELLOW a Personal Representative of the estate of NATHAN WESLEY PELLOW, asserts a 42 U.S.C. §1983 claim for an arrest made with the use of excessive force made by officers acting under color of law abridging his rights to due process of law under the Fourteenth Amendment to the United States Constitution for damages sustained from the incident that occurred August 30, 2013, and resulted in death.

## Jurisdiction and Venue

3. Jurisdiction is vested in the United States District Court pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343 and 28 U.S.C. §1367.

4. Venue is appropriate in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. §1391. Further, the events that gave rise to this lawsuit occurred in Macomb County, Michigan.

## **Parties**

5. Plaintiff Jennifer Pellow is the Personal Representative of Nathan Wesley Pellow and a resident of the State of Michigan, County of Macomb.

6. Defendants Barnhill, McKibben, Gill, Roy, Adams, Vanhorn, are residents of the State of Michigan. Upon information and belief each defendant is a resident of the County of Macomb.

7. At all times relevant and material to the facts of this case:

    a. Defendants Barnhill, McKibben, Gill, Roy, Adams, Vanhorn were employed by the City of Warren as sworn police officers. Gill holds the rank of Sergeant, whilst the remaining defendants hold the rank of officer.

    b. Defendants Barnhill, McKibben, Gill, Roy, Adams, Vanhorn were uniformed officers assigned to patrol duties.

    c. Each Defendant was acting under color of law.

    d. Each Defendant was charged with the duty and obligation to execute his lawful, statutory duties within the parameters set for by the constitution and laws of the State of Michigan and of the United States and was not to subject a private citizen, or cause a private citizen to be subjected to the deprivation of any rights, privileges or

3

immunities secured by the Constitution and/or laws of the State of Michigan and/or of the United States.

8. Defendants Barnhill, McKibben, Gill, Roy, Adams, Vanhorn are each being sued in their individual capacity.

## Statement of Facts

9. At or around 11:00 a.m. on August 30, 2013, Nathan Wesley Pellow was injured in an accident.

10. The accident occurred at 25509 Doncea Drive Warren, Michigan.

11. Nathan Pellow's vehicle struck a trailer at the listed address *supra.*

12. At or around 11:00 a.m. defendant Barnhill was dispatched to the location of the accident.

13. At or around 11:12 a.m. Defendant Barnhill requested assistance to make an arrest to which Defendant McKibben responded.

14. The Defendants engaged in an altercation with Nathan Pellow.

15. During the altercation Nathan Pellow was beaten with a flashlight 3 to 4 times, as well as pepper sprayed between 6 and 10 times.

16. Defendant McKibben requested further assistance, answered by four unknown Warren Fire Department firefighters.

17. Defendant McKibben along with Defendant Barnhill and the unnamed firefighters successfully subdued Plaintiff.

18. Defendants Gill, Roy, Adams, and VanHorn arrived on the scene.

19. Nathan Pellow at this point was fully compliant and restrained by three pairs of handcuffs.

20. Defendants, in concert, then continued to commit an unprovoked and illegal attack upon Nathan Pellow.

21. Defendants continued to brutalize Nathan Pellow with disregard for his safety and life for several minutes after he had already been restrained and become compliant.

22. Nathan Pellow was then placed on his back whilst still restrained by handcuffs.

23. One of the unnamed firefighters observed that Nathan Pellow was without a pulse.

24. Nathan Pellow's body was transported to St. John's Hospital Oakland where he was pronounced dead at 12:02.

## COUNT 1:

## VIOLATION OF U.S.C.A. 4- EXCESSIVE FORCE

25. Plaintiff, Jennifer Pellow, repeats each paragraph above as if fully set forth below.

26. The Fourth Amendment protects individuals from the arbitrary exercise and misuse of governmental power, particularly protection against the use of excessive force.

27. At all times relevant and material to the facts of this case Defendants Barnhill, McKibben, Gill, Roy, Adams, Vanhorn were afforded a reasonable opportunity to deliberate various alternatives prior to electing a course of action.

28. Nathan Pellow did not engage in any activities or commence any action that would have justified the use of excessive force once restrained.

29. That on the date and the time above referenced, Defendants Barnhill, McKibben, Gill, Roy, Adams, Vanhorn, jointly and severally, violated the law, the constitution and his sworn duty in the act(s) and/or omission(s) attributable to each Defendant, as more undertaken with deliberate indifference, and/or with reckless disregard to Plaintiffs federally protected rights.

30. The use of excessive force used in the arrest of Plaintiff conducted by Barnhill, McKibben, Gill, Roy, Adams, Vanhorn of Plaintiff as more fully described above, was objectively unreasonable and excessive in light of the facts and circumstances then and there existing, and the law regarding such activity was clearly established at the time.

31. This cause is actionable against defendants who took part in the brutalization and eventual killing of Nathan Pellow as well as those who failed to stop the brutalization and eventual killing of Nathan Pellow.

32. That as a direct and proximate result of the wrongful and unlawful act(s) and or omission(s) attributable to the Defendants, jointly and severally liable, as above described for each count and claim, Nathan Pellow suffered death, and damages, past, and future, including by way of example but not limited to:

    a. Physical pain and suffering;

    b. Emotional distress;

    c. Humiliation, mortification outrage and embarrassment;

    d. Mental anguish;

    e. Other physical and emotional injuries and damages and consequences that are found to be related to the incident and events that are the subject of this lawsuit, that develop or manifest themselves during the course of discovery and trial.

## COUNT 2:

**VIOLATION OF U.S.C.A. 14-DEPRIVATION OF DUE PROCESS**

33. Plaintiff repeats each paragraph above as if fully set forth below.

34. The Fourteenth Amendment provides that no citizen should be deprived of life, without due process of law, and that no citizen of the United States should be denied equal protections of the law.

35. At all times relevant and material to the facts of this case Defendants Barnhill, McKibben, Gill, Roy, Adams, Vanhorn were afforded a reasonable opportunity to deliberate various alternatives prior to electing a course of action.

36. Plaintiff did not engage in any activities or commence any action that would have justified the deprivation of life.

37. That on the date and the time above referenced, Defendants Barnhill, McKibben, Gill, Roy, Adams, Vanhorn, jointly and severally, violated the law, the constitution and his sworn duty in the act(s) and/or omission(s) attributable to each defendant, as more undertaken with deliberate indifference, and/or with reckless disregard to Plaintiffs federally protected rights.

38. The deprivation of life resultant to the arrest of Nathan Pellow conducted by Barnhill, McKibben, Gill, Roy, Adams, Vanhorn of Plaintiff as more fully described above, was objectively unreasonable and excessive in light of the facts and circumstances then and there existing, and the law regarding such activity was clearly established at the time.

39. That as a direct and proximate result of the wrongful and unlawful act(s) and or omission(s) attributable to the Defendants, jointly and severally liable, as above described for each count and claim, Plaintiff suffered death, and damages, past, and future, including by way of example but not limited to:

   a. Physical pain and suffering;

   b. Emotional distress;

   c. Humiliation, mortification outrage and embarrassment;

   d. Mental anguish;

   e. Other physical and emotional injuries and damages and consequences that are found to be related to the incident and events that are the subject of this lawsuit, that develop or manifest themselves during the course of discovery and trial.

## Relief Requested

Plaintiff requests judgment entered against each defendant jointly and severally, in whatever amount above $75,000.00 she is found to be entitled, to include all compensatory, special, exemplary and/or punitive damages allowed by statute, case law and court rule(s), as well as the costs of this litigation, interest and reasonable attorney fees.

9

        Respectfully submitted,

        */s/ Ben M. Gonek*
        BEN M. GONEK (P43716)
        Attorney for Plaintiff
        500 Griswold Street, Suite 3500
        Detroit, MI  48226
        (313) 962-5210
        ben@goneklaw.com

Dated: May 18, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

JENNIFER PELLOW as PERSONAL REPRESENTATIVE
OF THE ESTATE OF NATHAN WESLEY PELLOW,

                                      Case No:

    Plaintiff,

v.

                                      Hon.

KEVIN BARNHILL,
SHANE MCKIBBEN,
ARTHUR L. GILL,
ROBERT ROY,
JOHN ADAMS,
DALE VAN HORN,
Jointly and Severally,

    Defendants.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury in this matter.

                                      Respectfully submitted,

                                      */s/ Ben M. Gonek*
                                      BEN M. GONEK (P43716)
                                      Attorney for Plaintiff
                                      500 Griswold Street, Suite 3500
                                      Detroit, MI  48226
                                      (313) 962-5210
                                      ben@goneklaw.com

Dated: May 18, 2015