UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

JENNIFER PELLOW as Personal
Representative of the Estate of
NATHAN WESLEY PELLOW,

Case No: 15-11765

Hon. Terrance G. Berg
Magistrate R. Steven Whalen

    Plaintiff,

v.

KEVIN BARNHILL, SHANE MCKIBBEN,
ROBERT ROY, JOHN ADAMS, and
DALE VAN HORN, Jointly and Severally,

    Defendants.

---

# EXHIBIT 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

JENNIFER PELLOW as Personal
Representative of the Estate of
NATHAN WESLEY PELLOW,

Case No: 15-11765

Hon. Terrance G. Berg
Magistrate R. Steven Whalen

Plaintiff,

v.

KEVIN BARNHILL, SHANE MCKIBBEN,
ARTHUR L. GILL, ROBERT ROY,
JOHN ADAMS, and DALE VAN HORN,
Jointly and Severally,

Defendants.

## DECLARATION OF ARTHUR LESLIE GILL

1. My name is Arthur Leslie Gill. I make this Declaration for the court's use in ruling on Defendants' Motion for Summary Judgment. I make these statements under penalty of perjury and they are true to the best of my knowledge and belief. I could testify to the contents of this affidavit from personal knowledge.

2. My attorney, William Listman, provided me with Jere Green's affidavit attached to Defendants' Motion for Summary Judgment as Exhibit L. Mr. Listman represented me when I was a defendant in this action, and accompanied me to my deposition on May 10, 2016.

3. I joined the Warren Police Department in 1998. I was terminated April ~~18~~ 17, 2014. During that time I held the positions of police officer, police officer in the detention center, corporal in the detective bureau, corporal as the fiscal officer, sergeant in the technical services division, sergeant in the patrol division, sergeant as the watch commander, and sergeant in the training division. *AG*

4. After honorable discharge from the United States Marine Corps, I obtained a bachelor's degree from Michigan State University, a master's degree from the University of Detroit Mercy, completed a First Line Supervisor Program from Northwestern University, completed Command Officer Development School from Michigan State University, and numerous other certificates of training.

5. I was in charge of the Technical Services Division (TSD) of the Warren Police Department from September, 2011 to January, 2013. The TSD oversees the City's lawsuits, CLEMIS, and VisionHawk systems. During this time Mr. Green made numerous requests for information and displayed no working knowledge of any of those systems.

6. Mr. Green asserts in section 4 that the VisionHawk Viewer "transmitter" button was never activated, indicating that audio from a body microphone was never recorded.

7. The VisionHawk system automatically triggers whenever the vehicle's lights or sirens are activated. The recording Mr. LIstman showed me of my August 30, 2013, (S-1) begins when I was in the area of Van Dyke and 10 Mile Road. I received the Pellow call when I was in the area of Van Dyke and 9 Mile Road. This is the area where I activated my lights and sirens which would have triggered the VisionHawk video/audio system. This system does not turn off unless the operator manually turns off the microphone. I know I did not do this because I reviewed the audio later that day. The video does show my lights and siren were activated. The only reason to exclude any part of the video would be to conceal something that the video might have captured. The video of that vehicle prior to the Pellow situation would show that I used my audio transmitter on the previous citizen contacts.

8. During my employment the Warren Police Department did maintain passwords. When the CLEMIS system was initially deployed and prior to being able to reset the passwords, Computer Information Specialists Fred Shapiro and Paula Crabtree would be contacted by officers if they had forgotten their password. The entire time that I used CLEMIS my password never changed: spartans7.

9. There may be an audit trail now, but there was not one when I was in charge of TSD. CLEMIS was constantly improving on its capabilities, including

    redaction functionality, search functions, compatibility, and additional services such as ticket writing and officer identification.

10. The Pellow Lawsuit was filed on May 18, 2015.

11. I did not receive a copy until July 27, 2015.

12. When I was in charge of TSD, my responsibilities on receipt of a new lawsuit were to make a copy for the police department, a copy for the city attorney and delivery of the original to the defendant officer. If the officer was no longer with the department (most typically retired), I would mail the officer's copy to his or her home address within one business day.

13. I became aware of this lawsuit in early June, 2015 when I crossed paths with an officer who mentioned it.

14. I then contacted John Gillooly's office since I know that they handle most of these matters.

15. I had to call several times over more than a month's time until Julie Druzinski finally returned my call. She sent me a copy of the lawsuit on July 27, 2015.

Further Declarant says not.

_____
Arthur Leslie Gill

Dated: 01/09/2017